# STEVENS & LEE
### LAWYERS & CONSULTANTS

620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
(610) 205-6000 Fax (610) 337-4374
www.stevenslee.com

Direct Dial:        (610) 205-6039
Email:              ljr@stevenslee.com
Direct Fax:         (610) 371-7977

October 24, 2016

**VIA ECF**

Honorable Vincent L. Briccetti
United States Courthouse
300 Quarropas Street, Room 630
White Plains, NY 10601

**Re:  *Mohammed Zafar Iqbal v. Teva Pharmaceuticals USA, Inc.*;
Case No. 7:16-cv-03464-VB**

Dear Judge Briccetti:

     On behalf of Defendant, Teva Pharmaceuticals USA, Inc. ("Teva"), I write in accordance with Section 2(B)(ii) of Your Honor's Individual Practices to request a pre-motion conference in advance of Teva's anticipated summary judgment motion. The bases for the anticipated motion are as follows:

     As Teva's former Associate Director of Process Engineering, Plaintiff, Mohammed Zafar Iqbal, obtained branded drugs for Teva to scientifically "copy" to create generic drugs.  In 2015 a routine internal audit revealed that Mr. Iqbal had arranged for Teva to obtain drugs from an outside pharmacy that he owned, creating a conflict of interest in violation of Teva's Conflicts of Interest policy.  The auditor referred the matter to Teva's Office of Business Integrity ("OBI"), which investigates possible violations of Teva policies.

     James Mikalik, Teva's OBI Investigator (and a former FBI agent), conducted an extensive investigation that included interviews of pertinent individuals and a forensic review of emails and documents from Mr. Iqbal's computer.  Mr. Mikalic concluded that, not only had Mr. Iqbal failed to properly disclose in writing his conflict of interest in accordance with the Conflicts of Interest Policy, but he had actually taken affirmative steps to conceal the conflict of interest.[1]   Additionally, while reviewing emails from Mr. Iqbal's Teva email account, Mr. Mikalic learned that Mr. Iqbal had violated Teva's Conflicts of Interest and Outside Employment

---

[1] The investigation also suggested that Mr. Iqbal assisted or encouraged collusion and bid rigging between his pharmacy and other pharmacies and suppliers to Teva's detriment, although there was insufficient evidence to substantiate that conclusion.

Philadelphia   •   Reading   •   Valley Forge   •   Allentown   •   Harrisburg   •   Lancaster   •   Scranton
Wilkes-Barre   •   Princeton   •   Charleston   •   New York   •   Wilmington
A PROFESSIONAL CORPORATION

SL1 1436748v1 030421.00653

# STEVENS & LEE
## LAWYERS & CONSULTANTS

Honorable Vincent L. Briccetti
October 24, 2016
Page 2


Policies by using Teva resources to conduct business for outside companies Mr. Iqbal owned and operated. As a result, Mr. Iqbal was terminated on February 26, 2016.

On April 14, 2016, Mr. Iqbal filed this action[2] under the New York Labor Law ("Labor Law") seeking to recover: (a) a pay increase he would have received in or about March 2016 if he had not been terminated; (b) a discretionary bonus payment that he may have received in or about March 2016 if he had not been terminated; (c) severance pay; (d) the value of stock options he owned before his termination; (e) payments for unused vacation time; and (f) the return of personal property he left at Teva. As explained below, Teva intends to move for summary judgment on the claims for severance, bonus, a pay increase and stock options.[3]

### A. Teva Is Entitled to Summary Judgment on Mr. Iqbal's Claim For a Pay Increase.

Mr. Iqbal concedes that a 2016 pay increase did not go into effect until after he was terminated. Contrary to Mr. Iqbal's contention, Teva does not make retroactive payments for the period between January 1 and the effective date of annual pay increases. Therefore, Teva will be entitled to summary judgment on this claim.

### B. Teva Is Entitled to Summary Judgment on Mr. Iqbal's Claim For a Bonus.

There are at least three reasons why Teva will be entitled to summary judgment on this claim. First, the statutory definition of wages excludes "incentive compensation" that is in the nature of a profit-sharing arrangement, *i.e.*, one that is contingent, at least in part, on the financial success of the business, rather than the employee's personal productivity. Here, the applicable Employee Incentive Compensation Policy ("EIC Policy") states that any bonus is dependent upon the "achievement of pre-determined corporate goals and objectives." Mr. Iqbal admits this in his Complaint, where he alleges that his bonus was "based upon the R&D Department's performance." (Complaint at ¶ 6). Therefore, any bonus was not earned "wages" recoverable under the Labor Law.

Second, New York law provides that a promise to pay a bonus is unenforceable if the terms of the bonus plan make clear that the employer retains the discretion to decide whether to pay a bonus. Here, The EIC Policy states: "The Company retains the right to modify or terminate these plans at any time at its discretion" and that "[e]ligibility to participate in the plan does not guarantee a[] bonus award."

Third, the EIC Policy states that employees will be eligible for a bonus only if the employee is "an active employee in good standing on the date that bonuses are paid." Because Mr. Iqbal was terminated for violations of the Code of Conduct weeks before bonuses were paid, he was ineligible for a bonus under the EIC Policy.

---

[2] Mr. Iqbal filed the action in New York Supreme Court for Rockland County, and Teva subsequently removed the case to this Court based on diversity jurisdiction.

[3] On August 24, 2016, Teva issued Mr. Iqbal a check for unused vacation time. Further, after Mr. Iqbal identified the belongings he left on Teva's premises, Teva mailed those items to him.

# STEVENS & LEE
### LAWYERS & CONSULTANTS

Honorable Vincent L. Briccetti
October 24, 2016
Page 3


**C. Teva Is Entitled to Summary Judgment on Mr. Iqbal's Claim For Severance Pay.**

A severance payment, like a bonus, is not "earned wages" recoverable under the Labor Law if, in the relevant policy, the employer retains discretion to decide whether to pay a severance. Here, the applicable Severance Policy states: "Individual severance and termination situations will be managed [by Teva] on a case-by-case basis." Therefore, the purported severance payment was not "earned wages" within the meaning of the Labor Law.

The Severance Policy also states: "While Teva reserves the right to determine, on a case-by-case basis, whether an individual employee is eligible for severance pay, the following circumstances will make an individual ineligible to receive severance benefits: . . . Termination for misconduct, or violation of company policies, procedures, practices or Ethics and Code of Conduct." Mr. Iqbal was terminated for violating the Code of Conduct, and thus he was ineligible for a severance payment.

**D. Stock Options**

There are at least two reasons why this claim will fail. First, New York law establishes that an employee's participation in an employer's equity plans, including by way of stock options, is not "earned wages" within the meaning of the Labor Law. Thus, Mr. Iqbal cannot recover in this lawsuit for the alleged loss of stock options.

Second, the Teva Pharmaceuticals Industries Limited 2010 Long-Term Equity-Based Incentive Plan, which governed the award of stock options to Mr. Iqbal, states that all stock options expire upon an employee's termination for "Cause." "Cause" is defined, in relevant part, as: "[C]onduct of the Participant, in connection with his or her employment, that has, or could reasonably be expected to result in, material injury to the business or reputation of the Company or its Affiliates [or] any material violation of the policies of the Company or its Affiliates, including, but not limited to . . . those set forth in the manuals or statements of policy of the Company or its Affiliates . . ." Because Mr. Iqbal was terminated for conduct that falls squarely within this definition," his stock options expired upon his termination.

For these reasons, Teva believes it is entitled to summary judgment on these claims. Counsel for Teva is available to discuss the matter at the Court's convenience.

Respectfully submitted,

STEVENS & LEE

/s/ *Larry J. Rappoport*

LARRY J. RAPPOPORT

cc: Adam M. Peska, Esq. (via ECF)