# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MOHAMMED ZAFAR IQBAL,

                                                    Plaintiff,

                    - against -

                                                              7:16-cv-03464 (VB)

TEVA PHARMACEUTICALS USA, INC.,

                                                    Defendant.

-----------------------------------------------------------------------X


**THE PLAINTIFF MOHAMMED ZAFAR IQBAL'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO AMEND THE COMPLAINT UNDER FRCP 15(a)(2)**


                                        **PESKA & ASSOCIATES, P.C.**
                                        Attorneys for Plaintiff
                                        235 Main Street, Suite 450
                                        White Plains, New York 10601
                                        (914) 686-5042

On the brief:

Adam M. Peska, Esq.

1

This reply memorandum of the plaintiff Mohammed Zafar Iqbal (the "Plaintiff") is submitted in response to opposition brief of the Defendant Teva Pharmaceutical USA, Inc. (the "Defendant"). As set forth in original moving papers, the proposed amended complaint is merely intended to amend the original complaint to separate the original cause of action into two (2) causes of action: 1) for common law breach of contract and  2) under Article 6 of New York's Labor Law (See, NY Labor Law §190 et seq.).

The original complaint was primarily set up as one for breach of contract, which also included statutory damages for failure to pay wages under NY Labor Law §198.  Both claims were referenced in the Plaintiff's original complaint, however, were not separated as such. The numerous protestations made by Defendant's counsel regarding the "delay," but otherwise fails to explain in what material way the Defendant has been unfairly prejudiced.   To the contrary, the amended complaint is more accurate.

As shown below, in certain circumstances, claims have been monetarily *reduced* and others *removed*, thus making the Defendant's argument against that the delay spurious.  The fact that the Defendant's counsel refers to the instant amendment as seeking to correct a an attorney's "mistake" is just ludicrous when it is axiomatic that amendments to pleadings shall be freely granted under the Federal Rules and countless supporting cases.   Also, the Scheduling Order that restricts amendment to the pleading after July 22, 2016 that was proposed also makes reference to a motion to join additional parties, which is why the undersigned proposed a date *prior* to the completion of discovery.  It seemed unfair to the undersigned to propose a deadline date to add parties after the completion of discovery. Regardless, the undersigned did not anticipate that the testimony of HR Asst Director Ms. Elaine Lakis' referring to additional entitlement to severance of 20% of Salary based upon

"reduction in force," which was not part of the original complaint and constitutes significant additional damages of approx. $32,000.

Regardless, the Defendant has also been given proper notice of the various claims for compensation currently owed and being brought together with statutory damages. It is worth mentioning that this is all information possessed by the Defendant given the fact that the Defendant was the employer. In any event, all forms of outstanding compensation were re-calculated in the amended complaint, as well as, the statutory damages under NY Labor Law upon review of the thousands of documents reviewed. Essentially, all that is sought in the instant amendment to separate out the common law breach of contract claim from the statutory claims. This purported confusion over the claims being asserted was certainly raised by opposing counsel Mr. Kushner at the last court conference, which is what directed the undersigned to more carefully examine the original complaint to determine whether further clarification was required. The confusion over alleged violation under NY's Labor Law claimed was reiterated in the companion Hosain v. Teva action in the Defendant's 12(b)(6) motion, thus prompting another review of the instant complaint in this action.

Regardless, the Defendant will suffer little or no prejudice with the instant amendment because the new pleading more accurately reflects the claims being in light of the new facts revealed after initiation of the action. For example, with respect to bonus, the Plaintiff's damages were *reduced* based upon discovery documents. Plaintiff's unpaid payment increase for 2016 was decreased from 3.0 percent to 2.5 percent, as reflective in the discovery documents. Note, the Plaintiff's attorney had little or no documentation whatsoever upon filing the initial complaint.

Another example is the Plaintiff's owed vacation time that has been fully paid following the oral examination of the Plaintiff, and thus has been removed from the amended complaint.   Likewise, after the Plaintiff's oral examination, the Plaintiff's personal property was returned, thus the Plaintiff removed such equitable language seeking the return of property in the "Wherefore" clause of the original complaint.   The proposed amended complaint alleges that in Paragraph 31  "after the initiation of this action herein, the Defendant paid the Plaintiff unused vacation time and arranged for the return of personal belongings."

In other words, the proposed amended complaint more accurately reflects the current claims against the Defendant, and otherwise *reduces* the damages and/or *removes* certain claims related to unused vacation and the return of personal property.   In one instance, as referenced above, the Plaintiff is owed compensation in the form of additional severance, which was Teva policy according to Asst Human Resources Director, Elaine Lakis.   The Defendant takes the hard-line position that the Plaintiff should have alleged that there was additional compensation owed due to "reduction in force" in the original complaint. However, the Plaintiff was simply unaware of the Teva policy in this regard and note the Pomona, NY location was still fully operational at the time of the filing of the original complaint in Rockland Supreme Court.  It only became public news on August 30, 2016[1] that the entire Teva operation at the Pomona, NY location was shutting down, which was after Plaintiff's termination February 26, 2016 and the filing of the instant action in Rockland Supreme Court on April 15, 2016.

The Defendant spends an incredible amount of time in its opposition brief protesting that the amendment is "late," under the Scheduling Order, however, fails to explain in what way the Defendant has been unfairly prejudice.  The lawsuit is more accurately described in

---

[1] Journal News reported on Aug. 30, 2016 under headline "Teva Pharmaceuticals Closing Haverstraw Plant."

4

the instant proposed amended complaint and thus the Plaintiff should be granted leave with respect to same. The undersigned would certainly consent to additional time to file its motion for summary judgment, if additional time was requested by opposing counsel.

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the Court grant plaintiff leave to amend the complaint since there is good faith basis to do so, and because the opposing party will not suffer undue prejudice.

DATED:    White Plains, New York
           April 24, 2017

                                    Adam M. Peska (AP-1678)
                                    **Peska & Associates, P.C.**
                                    *Attorneys for Plaintiff*
                                    235 Main Street, Suite 450
                                    White Plains, New York 10601
                                    (914) 686-5042
                                    (914) 949-1604 fax
                                    adam@peskalaw.com

To:
STEVENS & LEE
*Attorneys for Defendant*
485 Madison Avenue, 20th Floor
NY, NY 10022
(610) 205-6039
Larry J. Rappoport
ljr@stevenslee.com